IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | 4:CR-03-0298 |
| v. : | |
| : | (Judge McClure) |
| DOMONIQUE HAYNES, : | |
| : | |
| Defendant. : | |

**O R D E R**

June 10, 2008

**BACKGROUND:**

On May 12, 2005, a jury sitting in the Middle District of Pennsylvania found defendant Domonique Haynes, along with codefendant Antonio McIntosh, guilty of various drug-related offenses. On August 31, 2006, Haynes was sentenced to 324 months imprisonment. The same day, we sentenced McIntosh to 420 months imprisonment. The defendants jointly filed an appeal to the Third Circuit.

While the appeal was pending, Officer Dustin Kreitz, a member of the Lycoming County Drug Task Force who was involved in the investigation of this case and who testified at trial, was indicted by a state grand jury on various charges, including perjury and obstruction of justice. The defendants requested summary remand from the Third Circuit to develop a record as to whether Kreitz perjured himself during defendants' trial, as well as further investigation of

defendants' <u>Brady</u> and confrontation issues in light of Kreitz's indictment. On October 12, 2007, the Third Circuit granted defendants' request for summary remand.

On March 5, 2008, Haynes pled guilty to a two-count superceding information charging defendant with criminal conspiracy under 18 U.S.C. § 371 and use of a communications facility to cause and facilitate the distribution and possession with the intent to distribute cocaine base, also known as crack cocaine, under 21 U.S.C. § 843(b). On March 24, 2008 codefendant McIntosh pled guilty to an identical information.

On May 28, 2008, we held a sentencing hearing in which Haynes raised various objections to the presentence investigation report that was prepared by the United States Probation Office. In addition, defense counsel filed a sentencing memorandum which requests a variance under 18 U.S.C. § 3553. (Rec. Doc. No. 629.) For the following reasons, the court will overrule defendant's objections to the presentence investigation report. We conclude that the advisory guideline sentence is 108 months but will grant Haynes a downward variance of 11 months.

**DISCUSSION:**

Defendant raises four different sentencing issues. First, he argues that he should only be held responsible for 50 grams of crack cocaine, rather than the 241.42 grams found in the presentence investigation report. Second, he argues that there is insufficient evidence to apply a two-level enhancement for possession of a firearm pursuant to U.S.S.G. § 2D1.1(b)(1). Third, he argues that the sentences for both counts of the superceding information should run concurrently, not consecutively. Finally, he requests a variance under § 3553 due to the fact that codefendant McIntosh is likely to receive a sentence of 108 months but is substantially more culpable and has a more extensive criminal history .

A.  Drug Quantity

Defendant asserts that he should only be held liable for 50 grams of crack cocaine, rather 241.21 grams. As a preliminary matter, we note that the critical number is whether defendant is responsible for 150 grams or more of crack cocaine. U.S.S.G. § 2D1.1(a)(3) states that the offense level for a drug trafficking offense involving at least 50 grams but less than 150 grams is 30, while the offense level for at least 150 grams but less than 500 grams is 32.

U.S.S.G. § 1B1.3(a)(1)(B) concerns relevant conduct and instructs us to hold defendant accountable for "all reasonably foreseeable acts and omissions in furtherance of the jointly undertaken criminal activity that occurred during the

commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." Under this standard, based on the testimony presented at trial as discussed in the presentence investigation report, we find by a preponderance of the evidence that defendant is accountable for at least 150 grams of crack cocaine. Therefore, we will overrule this objection.

B.  Two-Level Enhancement for Possession of a Firearm.

U.S.S.G. § 2D1.1(b)(1) states that "[i]f a dangerous weapon (including a firearm) was possessed [during the commission of the drug trafficking offense], increase [the offense level] by 2 levels." Defendant essentially argues that there is not sufficient evidence to prove that he possessed a firearm in connection with the drug trafficking offense. We will overrule this objection for the same reasons we overruled the objection at the defendant's previous sentencing. Tamirra Smith, a codefendant in this case, testified at trial that she lived with defendant during the time the offense was committed and that he had a safe at the residence that contained cocaine, crack cocaine, marijuana, Xanax, and a handgun. (Tr. of May 4, 2005, at 72-74.) She further testified that when defendant was arrested, she gave the drugs and gun to codefendant McIntosh. (Id. at 85-87.) Similarly, Alicia Welch testified that she saw a safe in defendant's residence containing drugs and a

4

gun.  (Tr. of May 2, at 56-58.)    The testimony of Smith and Welch was uncontradicted.

Therefore, we find by a preponderance of the evidence that defendant possessed a dangerous weapon in connection with a drug trafficking offense and will overrule this objection.  As a result, defendant's total offense level is 31, with a criminal history category of VI, yielding a guideline range of 188 to 235 months.  Yet, as we will discuss in the next section, this range will be lowered due to statutory maximums that exist with respect to each count of the superceding information.

C.  Should the Sentences Run Consecutively or Concurrently?

Defendant's third argument is that the sentences for both counts of the superceding information should run concurrently, not consecutively.  We disagree.  Defendant pled guilty to one count of criminal conspiracy under 18 U.S.C. § 371 and one count of use of a communications facility to cause and facilitate drug trafficking under 21 U.S.C. § 843(b).  The criminal conspiracy count carries a statutory maximum of five years imprisonment while the use of a communication facility count carries a statutory maximum of four years imprisonment.

U.S.S.G. § 5G1.2 governs sentencing on multiple counts of conviction.  Subsection (d) states that "[i]f the sentence imposed on the count carrying the

highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment." Application Note 1 provides some guidance on the definition of "total punishment." It states that "[t]he combined length of the sentences ('total punishment') is determined by the court after determining the adjusted combined offense level and the Criminal History Category."

Therefore, defendant's "total punishment" is 188 to 235 months, which is based on a total offense level of 31 and a criminal history category of VI. Furthermore, the maximum sentence we can impose on the "count carrying the highest statutory maximum," which is the conspiracy count, is five years. This is "less than the total punishment" of 188 to 235 months. Therefore § 5G1.2(d) directs us to impose a consecutive sentence on the use of a communications facility "to the extent necessary to produce a combined sentence equal to the total punishment." Of course, the maximum sentence we can impose on this count is four years, which yields a total of nine years when combined with the conspiracy maximum. Therefore, nine years, or 108 months, becomes the guideline sentence under § 5G1.2(d). Thus, defendant's third argument is rejected and we will run the sentences on both counts of the superceding information consecutively.

D.  Variance under 18 U.S.C. § 3553

Defendant's final request is for a variance under 18 U.S.C. § 3553 due to the fact that codefendant McIntosh is likely to receive a sentence of 108 months but is substantially more culpable and has a more extensive criminal history than defendant.  Section 3553(a)(6) directs the court, when imposing a sentence, to consider the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."

Although we have yet to sentence codefendant McIntosh, he pled guilty to an identical superceding information and it appears clear that his guideline range will also exceed the combined statutory maximum of 108 months, thus making his guideline sentence 108 months.  We agree that defendant has a slightly less extensive criminal history and that his offense conduct was not as substantial as McIntosh.  At his prior sentencing, defendant received a one level downward departure in criminal history category pursuant to U.S.S.G. § 4A1.3 and a one level variance in criminal history category pursuant to 18 U.S.C. § 3553(a) because his criminal history category substantially over-represented the seriousness of defendant's criminal history and the likelihood that he will commit other crimes.  McIntosh did not receive any such downward departure or variance based on these circumstances.  Similarly, we note that McIntosh received an enhancement of four

offense levels because he was an organizer or leader under U.S.S.G. § 3B1.1(a) and that defendant did not receive such an enhancement.

Defense counsel's sentencing memorandum requests a variance of 25 months. This is a twenty-three percent reduction from 108 months, which represents the difference between defendant's prior sentence of 324 months and McIntosh's prior sentence of 420 months. Although we will grant defendant a variance, we will not grant him a twenty-three percent reduction. Sixty months of McIntosh's sentence were due to a conviction for 18 U.S.C. § 924(c) with which Haynes had not been charged. If we disregard these sixty months, the difference between 324 months and 360 months is only ten percent. Ten percent of 108 is just under 11 months. Therefore, we will grant him a variance of 11 months under 18 U.S.C. § 3553(a)(6).

E.  Departure Under U.S.S.G. § 4A1.3

A one-category downward departure in Haynes' criminal history category under U.S.S.G. § 4A1.3 would produce a criminal history category of V which, combined with a total offense level of 31, would result in a sentencing range of 168 to 210 months, well above the statutory maximum of 108 months. The guidelines restrict the downward departure for a career offender under U.S.S.G. § 4A1.3 to one category. U.S.S.G. § 4A1.3(b)(3)(A). Even if the criminal history

category were reduced by an additional category to Category IV, the resulting sentencing guidelines range would be 151 to 188 months, again well above the statutory maximum of 108 months.

Although mooted by the statutory maximum, the court will grant a downward departure of one category under U.S.S.G. § 4A1.3 to a Category V to be consistent with the action taken at the original sentencing and to the extent permitted under U.S.S.G. § 4A1.3(b)(3)(A). Any further departure to Category IV would also be mooted by the statutory maximum.

F. Conclusion

The sentence being imposed, namely 97 months imprisonment, is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2). In determining the particular sentence to be imposed, the court considered all seven factors set forth in 18 U.S.C. § 3553(a). Recognizing that the guidelines and policy statements and amendments to the same referenced in 18 U.S.C. § 3553(a)(4)(5) are advisory only, the court finds their application, subject to the variance granted under 18 U.S.C. § 3553(a)(6), reasonable and appropriate under the totality of the circumstances.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. The presentence report is adopted in full and all of defendant's objections are overruled.

2. Defendant Domonique Haynes' total offense level is 31 with a criminal history category of VI under the United States Sentencing Guidelines, prior to any departures.

3. We will grant Haynes a downward departure under U.S.S.G. § 4A1.3 to a Criminal History Category V.

4. Pursuant to U.S.S.G. § 5G1.2, Haynes' guideline sentence is reduced to the combined statutory maximum for both counts of the superceding information to nine years (108 months).

5. We will grant Haynes a downward variance under 18 U.S.C. § 3553(a)(6) of 11 months from the statutory maximum of 108 months to a sentence of 97 months imprisonment.

6. Sentencing will take place on June 27, 2008 at 2:30 p.m. in Courtroom No. 3, Federal Building, 240 West Third Street, Williamsport, PA.

s/James F. McClure, Jr.<br>
James F. McClure, Jr.<br>
United States District Judge